IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE WILLIAM MONTGOMERY, JR., #01699766, § § | | |
| Petitioner, § | | |
| § | | |
| v. § | 3:11-CV-1193-L (BK) | |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Div., § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred for findings, conclusions, and recommendation. For the reasons that follow, it is recommended that the petition for writ of habeas corpus be summarily dismissed without prejudice for failure to exhaust state court remedies.

**I.  BACKGROUND**

Petitioner, a Texas state inmate, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his Dallas County conviction for aggravated assault on a public servant in case number F09-44557-N. Respondent is the Director of the Texas Department of Criminal Justice (TDCJ). The Court did not issue process.

Following his guilty plea, on February 14, 2011, Petitioner was sentenced to fifteen years imprisonment. (Doc. 10 at 2.) Petitioner filed neither a direct appeal nor a state habeas application challenging his conviction. (*Id.* at 3-4.)[1]

In his second amended federal petition, Petitioner alleges his guilty plea was involuntary, trial counsel rendered ineffective assistance in connection with his guilty plea, and the evidence was insufficient to convict him. (Doc. 10 at 6-7.)

## II. ANALYSIS

A state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

---

[1] The Court verified the failure to exhaust state remedies on the Dallas County and Texas Court of Criminal Appeals websites.

Petitioner has not satisfied the exhaustion requirement. A review of his petition reflects he filed neither a direct appeal nor a state habeas application challenging his conviction. Thus, the Court of Criminal Appeals has not had an opportunity to consider the claims that Petitioner raises in his federal petition, and they remain unexhausted.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).[2]

SIGNED August 9, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this court. Petitioner should act diligently and expeditiously in seeking habeas corpus relief in both state and federal court.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE