IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GEORGE WILLIAM MONTGOMERY, JR., #01699766**, | § § § | |
| Petitioner, | § § | |
| v. | § § | Civil Action No. **3:11-CV-1193-L** |
| **RICK THALER,** Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

## ORDER

Before the court is Petitioner George William Montgomery, Jr.'s Petition for Writ of Habeas Corpus, filed June 1, 2011, amended on June 23, 2011, and amended a second time on August 1, 2011. The petition was referred to United States Magistrate Judge Renee Harris Toliver, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on August 9, 2011. Petitioner filed objections to the Report on August 22, 2011.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. Petitioner was convicted of aggravated assault on a public servant in state court. He pled guilty on February 14, 2011, and was sentenced to fifteen years of imprisonment. He has neither filed a direct appeal nor a state habeas application challenging his conviction. In his second amended habeas petition, Petitioner alleges that his guilty plea was involuntary, his trial counsel rendered ineffective assistance, and the evidence was insufficient to convict him.

The magistrate judge found that Petitioner has failed to exhaust his state court remedies, and that his petition must therefore be dismissed. The record reflects that Petitioner has not presented

any of his claims to the Texas Court of Criminal Appeals in a state habeas application before pursuing federal relief. Petitioner's objections to the magistrate judge's findings restate his contentions that his guilty plea was involuntary, his trial counsel rendered ineffective assistance, and the evidence was insufficient to convict him. As the magistrate judge noted, and as record reflects, Petitioner has not taken a direct appeal of his action or filed any state application for habeas relief. A state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) & (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). Because it is clear from the record that Petitioner has not exhausted his state court remedies, Petitioner's objections are overruled.

After having reviewed the petition, file, record, Report, and objections, the court determines that the magistrate judge's findings and conclusions are correct. They are therefore **accepted** as those of the court. The court **dismisses without prejudice** the writ of habeas corpus, because Petitioner has failed to exhaust his state court remedies.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
   **(a)   Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
   (**b**)   **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 26th day of August, 2011.

                    Sam A. Lindsay
                    United States District Judge